ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br>RECURRIDO<br><br>v.<br><br>MIGUEL REYES VÉLEZ<br>PETICIONARIO | TA2026CE00371 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm:<br>A VI2013G0034<br><br>Sobre:<br>Tent A/106 Grados de Asesinato |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 9 de abril de 2026.

Comparece ante esta Curia, el señor Miguel Reyes Vélez (Peticionario) por derecho propio y de forma *pauperis.*[1] Colegimos de su recurso que impugna el dictamen que el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI o foro primario) emitió el 19 de febrero de 2026, relacionado a una *Moción de Corrección de Sentencia al Amparo de la Regla 185.*

Por los fundamentos que esbozamos a continuación, desestimamos el presente recurso por falta de jurisdicción por prematuro. Nos explicamos.

**I.**

Surge del expediente que, el Peticionario extingue una pena de reclusión de 88 años en la Institución Correccional de Guayama, por violaciones al Código Penal y a la Ley de Armas. Luego de cumplir varios años de reclusión, el Peticionario instó ante el TPI una *Moción de Corrección de Sentencia al Amparo de la Regla 185,*

---

[1] Se declara Ha Lugar la *Solicitud y Declaración Para Que Se Exima de Pago de Arancel por Razón de Indigencia* que el Peticionario presenta junto a su recurso.

mediante la cual invocó el princípio pág favorabilidad. En respuesta, el foro primario emitió una *Resolución,* el 19 de febrero de 2026. Según acreditó el Peticionario, él recibió el volante de notificación correspondiente al referido dictamen, el 22 de febrero de 2026, sin haber sido notificado de una copia de la *Resolución* que adjudicó su petitorio.

En reacción, el Peticionario acude ante esta Curia mediante el recurso de epígrafe en donde le imputa al foro primario la comisión de tres errores atinentes a la duplicidad de la pena y a la imposición de una sentencia excesiva.

No obstante, observamos deficiencias en la notificación correspondiente a la determinación recurrida las cuales inciden sobre nuestra jurisdicción. Por ello, luego de examinar con detenimiento el recurso de epígrafe, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42.

**II.**

**A. La notificación de sentencias y su efecto en la jurisdicción de los tribunales**

La notificación y el archivo en autos de una copia de la notificación de una sentencia resulta ser una etapa crucial del proceso adjudicativo. *Yumac Home v. Empresas Masso,* 194 DPR 96, 114 (2015.) Es a partir de ese momento que, la sentencia se considera final, mas no firme, y que comienza a cursar el término para acudir en revisión judicial. *Íd.,* pág. 105*.* Este deber de notificar las sentencias no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil, sino del debido proceso de ley. *Íd.*[2] Su imperiosidad radica, además, en el efecto que tiene dicha

---

[2] Véase, además, *Bco. Popular v. Andino Solís*, 192 DPR 172, 183 (2015).

notificación sobre los procedimientos posteriores a la sentencia. *Íd.* Por eso, la correcta y oportuna notificación de las órdenes y sentencias es un requisito *sine qua non* de un ordenado sistema judicial. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019). Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial. *Yumac Home v. Empresas Masso,* supra.[3]

A esos efectos, la Regla 67.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 67.1, exige que se notifique a todas las partes "toda orden emitida por el tribunal y todo escrito presentado por las partes."[4] Sobre la importancia en la corrección de las órdenes y sentencias emitidas por los tribunales, el Tribunal Supremo expresó en *PR Eco Park et al. v. Mun. de Yauco,* supra, que una notificación defectuosa priva al foro revisor de jurisdicción para entender en el asunto impugnado, con el efecto de que, el recurso que se presente sería prematuro. Esto, por razón de que "[n]o podemos pasar por alto que la falta de jurisdicción sobre la materia es una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas. Como la falta de jurisdicción incide sobre el poder mismo para adjudicar la controversia, los tribunales tienen el deber ministerial de evaluar el planteamiento con rigurosidad". *Íd.,* a la pág. 539. (Nota omitida.)

Es norma reiterada que, la jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83, resuelto el 21 de agosto de 2025. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG,*

---

[3] Citas omitidas.
[4] Por virtud de la Regla 244 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 244, las notificaciones en los procesos de naturaleza penal se efectuarán conforme a las Reglas de Procedimiento Civil, *supra.*

213 DPR 685 (2024).[5] Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Mun. Aguada v. W. Const. y Recovery Finance,* 214 DPR 432 (2024).

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción y, por tanto, debemos atender con preferencia los asuntos concernientes a la jurisdicción. *Greene y otros v. Biase y otros,* supra. Cabe destacar que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Mun. Aguada v. W. Const. y Recovery Finance,* supra.

Como se sabe, un recurso prematuro es aquel que ocurre antes de tiempo, por haber sido instado con relación a una controversia que no ha sido finalmente resuelta. *Yumac Home v. Empresas Massó,* supra, pág. 107. Mientras que, un recurso tardío es aquel presentado fuera del término provisto para revisarlo. *Íd.* El efecto de ambos es que, el tribunal al cual se recurre está privado de jurisdicción para atenderlos. *Pueblo v. Rivera Ortiz,* 209 DPR 402 (2022). Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento no existe autoridad judicial o administrativa para acogerlo. *Torres Alvarado v. Madera Atiles,* supra, pág. 503. De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación, sin entrar en los méritos de la controversia. *Mun. Aguada v. W. Const. y Recovery Finance,* supra. Es decir, procede la inmediata desestimación del recurso apelativo, según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos. *Allied Mgmt. Group v. Oriental Bank,* supra.

---

[5] Citando a *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).

A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 538 (nota 26). Cabe señalar, sin embargo, que "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *Íd.*, (nota 25) citando a *Yumac Home v. Empresas Massó,* supra.

### III.

Como asunto de umbral nos corresponde auscultar nuestra jurisdicción para entender sobre la causa instada. Según expusimos en el tracto procesal, el Peticionario aduce no haber sido notificado de la *Resolución* que emitió el foro primario que adjudicó su solicitud de corrección de sentencia. El Peticionario acredita haber recibido únicamente el volante de notificación, a pesar de que este último establece que "se aneja copia o incluye enlace".

De nuestra revisión en el sistema TRIB del Poder Judicial surge que, al momento en que la Secretaria del TPI notificó la *Resolución* no marcó el encasillado para la impresión del texto relativo al dictamen.[6] Como consecuencia de lo anterior, cuando el TPI generó el volante de notificación no se incluyó el contenido del dictamen impugnado y tampoco se unió como anejo la copia de la *Resolución* recurrida.

Debido a la omisión del foro primario de notificar al Peticionario una copia del dictamen que dispuso de su moción en solicitud de la corrección de la sentencia o el contenido del mismo, estamos ante una notificación defectuosa que nos priva de

---

[6] Cabe señalar que, por alguna inadvertencia lo que aparece marcado en el encasillado es lo siguiente: Imp. Texto [NO].

jurisdicción para evaluar el asunto traído ante nuestra consideración.

Conforme a la normativa antes expuesta, el recurso de epígrafe resulta prematuro, por lo cual, procede su inmediata desestimación. A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* nos faculta a desestimar un recurso apelativo ante la ausencia de jurisdicción.

**IV.**

Por los fundamentos expuestos, desestimamos el recurso[7] según presentado por falta de jurisdicción. Se devuelve el asunto a la Secretaria del Tribunal de Primera Instancia, Sala de Aguadilla, para la re notificación de la *Resolución* emitida el 19 de febrero de 2026.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] Hacemos constar que, el peticionario intituló su recurso como *Moción en solicitud y requerimientos de revi[s]ión en recon[s]ideración sobre el dictamen del Art. 7.03 de duplicidad,* el cual acogemos como una petición de *certiorari* porque versa sobre un asunto post sentencia.